**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Aliconn D. COLE, Defendant–Appellant.**

No. 05–10119.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed Dec. 21, 2006.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Darin Lahood, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Brian M. Fisher, Esq., Las Vegas, NV, for Defendant–Appellant.

Aliconn D. Cole, Las Vegas, NV, pro se.

Before: TASHIMA and McKEOWN, Circuit Judges, and CARTER,* District Judge.

## MEMORANDUM **

A jury convicted Defendant–Appellant Aliconn D. Cole on charges of possessing a firearm in violation of 18 U.S.C. § 922(g)(1) and possessing ammunition in violation of 18 U.S.C. § 924(a)(2). Cole now appeals these convictions, contending that the district court improperly excluded statements made by his housemate, Cynthia Cruz, at the time of Cole's arrest. We affirm.

Federal Rule of Evidence 802 explains, "[h]earsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Fed.R.Evid. 802. We review a district court's decision to exclude evidence under this rule for an abuse of discretion. *United States v. Shryock*, 342 F.3d 948, 981 (9th Cir.2003); *United States v. Bishop*, 291 F.3d 1100, 1108 (9th Cir. 2002).

At issue in this case are paraphrased statements Cruz made to police that "she was living in the house, that she had a gun" and "she has a bag and that there is a gun in the bag, that she has a gun in the house." [1] Cole concedes that the district court properly classified these statements as hearsay under Federal Rule of Evidence 801(c). Rather, he argues that they should have been admitted under the hearsay exception, as a statement made against

---

* The Honorable David O. Carter, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The Government recounted other statements made by Cruz during the same interview in which she denied having a gun. No transcript, summary, or other recordation of the interview was made a part of the record.

penal interest, under Federal Rule of Evidence 804(b)(3).

To admit a statement in evidence under the 804(b)(3) exception, the proponent must show that: (1) the declarant is unavailable to testify as a witness; (2) the statement so far tended to subject the declarant to criminal liability that a reasonable person in the declarant's position would not have made the statement unless believing it to be true; and (3) corroborating circumstances exist clearly indicating that the statement is trustworthy. *United States v. Paguio,* 114 F.3d 928, 932 (9th Cir.1997); *see* Fed.R.Evid. 804(b)(3).

Cole and the Government agree as to the first of these three requirements, namely that Cruz was unavailable to testify. Whether Cole can satisfy the second and third requirements, however, is in dispute.

Whether a statement was sufficiently against the declarant's penal interest to qualify for the Rule 804(b)(3) exception hinges on whether "a reasonable person in the declarant's position would not have made the statement unless believing it to be true." Fed.R.Evid. 804(b)(3); *Williamson v. United States,* 512 U.S. 594, 603–04, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994) (internal quotation marks omitted). We have further specified that to qualify as a Rule 804(b)(3) hearsay exception, "the declarant's statements must, in a real and tangible way, subject him to criminal liability." *United States v. Hoyos,* 573 F.2d 1111, 1115 (9th Cir.1978); *see also United States v. Oropeza,* 564 F.2d 316, 324–25 & n. 10 (9th Cir.1977) (holding that declarant's statement that gun belonged to him, rather than his co-defendant, was not sufficiently against his penal interest because "[t]here is nothing in the record to indicate that it would have been a crime for [declarant] to own such a weapon"). Moreover, this determination must be made while viewing the statement in context. *Williamson,* 512 U.S. at 603, 114 S.Ct. 2431.

The disputed statements here are equivocal at best, as Cruz contradicted herself during the very interview in which she made them, stating at one point that she did not have a gun and at another that she did. Even ignoring this equivocation, however, Cole cannot establish that Cruz's statements that she had a gun were against her penal interest. Her criminal history is unknown, meaning there is no evidence that Cruz is a felon, making it unlawful for Cruz to possess a gun. And contrary to Cole's protestation that Detective Kelley, an officer at the scene, remarked that the gun found in the house was stolen, there is no clear indication that Cruz knew the gun found in the house was allegedly stolen or that Kelley's remarks were made before Cruz made the statements in question. Without any evidence that Cruz either had a prior felony conviction or knew that the gun was stolen when she made the statements indicating she had a gun, there is simply an insufficient basis upon which to determine that these statements were against her penal interest. We therefore conclude that the district court did not abuse its discretion in excluding Cruz's statements as hearsay not subject to the Rule 804(b)(3) exception.

Even if Cole could establish that Cruz's statements were against her penal interest, they would still not qualify for the Rule 804(b)(3) exception because the statements were not accompanied by sufficient corroborating circumstances indicating trustworthiness. To satisfy this requirement, we insist on corroborating circumstances that "clearly indicate the trustworthiness of the [hearsay] statement." Fed. R.Evid. 804(b)(3); *United States v. Slaughter,* 891 F.2d 691, 698 (9th Cir. 1989). There are several reasons for this

insistence: "The declarant might be lying; he might have misperceived the events which he relates; he might have faulty memory; his words might be misunderstood or taken out of context by the listener." *Williamson,* 512 U.S. at 598, 114 S.Ct. 2431. Clear indicia of trustworthiness are especially important here, where the district court was not privy to a written transcript of Cruz's statements and the portions of Cruz's statements recounted during the hearing on the motion are contradictory.

In an effort to circumvent this requirement, Cole relies on the absence of direct evidence that Cruz had a motive to lie. In so doing, he fails to point to any independent evidence establishing that Cruz had a motive to tell the truth either. Absent any evidence establishing that Cruz's statements were reliable, Cole fails to satisfy the third requirement of Rule 804(b)(3) as well. *See, e.g., Oropeza,* 564 F.2d at 325. In sum, because Cole failed to show both that the statements of ownership were statements against Cruz's penal interest, and that there were sufficient corroborating circumstances of trustworthiness, the district court did not abuse its discretion in excluding these statements.

The judgment of conviction is AFFIRMED.